**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KINDRAS GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOTHER LLC,<br><br>Defendant. | Case No. 1:26-cv-9150<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Kindras Group LLC ("Kindras" or "Plaintiff"), for its Complaint against Defendant Mother LLC ("Mother" or "Defendant"), alleges on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiff, a limited liability company organized under the laws of the United Arab Emirates, is the owner and operator of MIRSTORES, a knitwear brand founded in 2015 that offers ready-to-wear handmade knits including wool sweaters and cardigans using original silhouettes and experimental design techniques such as felting, embroidery, and beading. Many of Plaintiff's most popular products bear a distinctive, hand-embroidered sheep silhouette design (the "Sheep Design"), as pictured below:



2. Plaintiff has expended substantial time, money, and other resources in advertising and promoting the MIRSTORES brand and its knitwear products in connection with the Sheep Design. The Sheep Design, which Plaintiff has used continuously since 2023, is a source identifier and emblem for the MIRSTORES brand, appearing on various knitwear products as well as Plaintiff's social media content, and other marketing and promotional materials. As such, consumers widely recognize Plaintiff as the source of goods bearing the Sheep Design.

3. As a result of its widespread, continuous, and exclusive use of the Sheep Design to identify its goods, and Plaintiff as their source, Plaintiff owns valid and subsisting common law rights to the Sheep Design trademark, including a currently pending federal trademark application.

4. Plaintiff also owns the copyright covering the Sheep Design, including a federal copyright registration covering the two-dimensional artwork and textile surface design of the Sheep Design.

5. Defendant advertises, offers for sale, sells, and distributes a product identified as the "Crop Raquette embroidered wool and cotton-blend cardigan" (the "Infringing Product") which bears a sheep-silhouette design substantially similar to Plaintiff's Sheep Design (the "Infringing Design"). Defendant deliberately appropriates the Sheep Design and presents it as its own design to conflate its products with genuine MIRSTORES products in the minds of consumers.

6. Plaintiff did not authorize Defendant to advertise, market, promote, offer for sale, manufacture, sell, or display the Infringing Product. Defendant's unauthorized use of the Infringing Design is likely to cause consumers to believe falsely that Defendant's goods originate with, are sponsored by, affiliated with, or approved by Plaintiff. Defendant's conduct has infringed Plaintiff's exclusive rights, damaged Plaintiff's goodwill, and caused Plaintiff substantial harm.

7. Plaintiff brings this action for damages and injunctive relief to end and seek redress for Defendant's ongoing and willful infringement of Plaintiff's intellectual property rights.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over the copyright and trademark claims pursuant to 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Defendant because Defendant transacted business and committed acts of copyright and trademark infringement within and directed to New York and Plaintiff's claims arise from those activities. In particular, Defendant (a) transacted business within New York or contracted to supply goods, including the Infringing Product, in New York, (b) has committed infringement within New York and in this District, and (c) has committed infringement outside New York, which has caused injury to Plaintiff within New York, and Defendant (i) expected or should reasonably have expected such acts to have consequences in New York, and (ii) derived substantial revenue from interstate or international commerce. Further, Defendant does business with New York residents by operating a highly interactive direct-to-consumer website through which New York residents could purchase the Infringing Product. On information and belief, Defendant also operates online listings on third-party e-commerce platforms through which New York residents can purchase the Infringing Product. Defendant has targeted sales from New York residents by operating the website and online listings that offer shipping to the United States, including in this District.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400.

## **PARTIES**

11. Plaintiff is a limited liability company organized under the laws of Sharjah, United Arab Emirates with a principal place of business located at 515000, Sharjah, Al Messaned, Sharjah Media City, United Arab Emirates.

12. Defendant is a limited liability company organized under the laws of Delaware. Upon information and belief, Defendant's principal place of business is located at 5300 S. Santa Fe Avenue, Vernon, California 90058.

## **PLAINTIFF AND ITS BUSINESS**

13. Plaintiff, directly and through its predecessors-in-interest, is the creator and official source of ready-to-wear handmade knits and other goods sold under the MIRSTORES name.

14. The MIRSTORES brand was founded in 2015 by Plaintiff's predecessor-in interest. In 2022, Plaintiff was formed and became the operating entity of the MIRSTORES brand.

15. Since its launch in 2015, Plaintiff directly and through its predecessors-in-interest, has consistently sold MIRSTORES knitwear, including through its direct-to-consumer website, https://mirstores.com (previously https://en.mirstores.ru). Plaintiff also sells its goods in retailers around the world, including through the Wisconsin-based retailer Bona Drag (https://bonadrag.com/). Previously, Plaintiff also sold its goods through the following United States retailers: Ali Golden; Anthropologie; at Dawn. O'Ahu; Cedar and Hyde; Cocobolo; Hazel and Rose; No6Store; ShopJakeandJones; and The Margo Market.

16. As a result of its high-quality craftsmanship and creative designs, Plaintiff has achieved worldwide recognition, including through showrooms during Paris and Tokyo Fashion Weeks from 2018 through 2022; features in fashion industry publications including *Harper's Bazaar*, *Elle*, and *Vogue*; viral social media posts on Plaintiff's own accounts; and user-generated

content created by celebrities and social media influencers such as actress Kelly Rutherford (@kellyrutherford, 2.6 million Instagram followers),[1] Young Emperors (@young_emperors, 950,000 Instagram followers),[2] Manon De Velder (@manondevelder, 475,000 Instagram followers),[3] Audrey Notebaert (@mmequeenb, 380,000 Instagram followers),[4] Daisy Birchall (@daisybirchalll, 246,000 Instagram followers),[5] and Audrey De Marre (@audreydemarre, 161,000 Instagram followers).[6] Such user-generated content featuring Plaintiff's designs have collectively garnered hundreds of thousands of impressions on Instagram alone.

17. In 2016, Plaintiff, directly and through its predecessors-in-interest, adopted the MIRSTORES word mark.

18. In 2020, Plaintiff, directly and through its predecessors-in-interest, adopted its house mark (the "House Mark"), as depicted below:




19. In 2023, Plaintiff adopted the Sheep Design as a secondary source identifier and emblem for the MIRSTORES brand. The Sheep Design is a stylistic evolution of the House Mark, incorporating the cloud-shaped design to form the body of the sheep silhouette, as shown below:

| Plaintiff's House Mark | Plaintiff's Sheep Design |
| --- | --- |
|  |  |

[1] https://www.instagram.com/p/DVCUbQsCKXN.
[2] https://www.instagram.com/p/CJtSpI7Bcql/; https://www.instagram.com/p/COEF7C4BPc5/.
[3] https://www.instagram.com/p/DVWN9xglegh/?img_index=15&stkn=MWlhMHpmeWtkOHM2aw%253D%253D.
[4] https://www.instagram.com/p/DTNttW6iLUW/?img_index=8&stkn=MW1xOXFwM2E2aTExag%3D%3D.
[5] https://www.instagram.com/p/DQq_u71CHMb.
[6] https://www.instagram.com/audreydemarre/p/DDtnSUdxeRY/.

20. The Sheep Design is used throughout Plaintiff's designs, including sweaters, cardigans, socks, scarves, mittens, and hats (collectively, the "Sheep Design Products"), examples of which are depicted below. It also appears in Plaintiff's marketing and advertising materials, including postcards and social media content.





21. The Sheep Design has become synonymous with the MIRSTORES brand, such that it inspired Plaintiff to create additional products incorporating the sheep symbology, including without limitation a textured knit pattern reminiscent of curly sheep wool that Plaintiff uses to create sweaters, skirts, and sheep-shaped handbags.

22. Plaintiff is the official source of MIRSTORES-branded goods including the Sheep Design Products. Since its first sale of the Sheep Design Products in 2023, Plaintiff has invested significantly in advertising, marketing, and promoting the MIRSTORES brand and its goods in connection with the Sheep Design in the industry and to consumers. Plaintiff's promotional efforts include, by way of example but not limitation, its direct-to-consumer website, https://mirstores.com; point-of-sale materials; social media content posted to Plaintiff's accounts on Instagram (https://www.instagram.com/mirstores/), Facebook (https://www.facebook.com/mirstores/), and TikTok (https://www.tiktok.com/@mirstores.knits); and other user-generated content created by social media influencers.

23. The Sheep Design Products quickly became a hit amongst fashion enthusiasts, and content featuring the Sheep Design on Plaintiff's social media accounts has received substantial public exposure in the United States and abroad, including thousands of likes and hundreds of thousands of views. Representative examples of such content on Plaintiff's social media accounts are below:




https://www.instagram.com/reels/DGFtJ7xoBHJ/




https://www.instagram.com/reels/C3E1735tXa1/

24. The Sheep Design Products continue to be promoted in social media posts from social media influencers and online content creators including, without limitation, New York-based Jenna Litner (@jennalitner, 133,000 Instagram followers); Chicago-based Sveta Damiani (@sdamiani, 161,000 Instagram followers); I can't afford this but maybe she can (@icantaffordthisbutmaybeshecan, 432,000 Instagram followers); and Valentina Siragusa (@valentinasiragusa, 110,000 Instagram followers), and have collectively been viewed over 100,000 times. Representative examples of such third-party social media content promoting, reviewing, or otherwise depicting the Sheep Design and/or Sheep Design Products are below:




https://www.instagram.com/p/DDmcEwUC46E/




[https://www.instagram.com/p/DWNZLrdkeTx/](https://www.instagram.com/p/DWNZLrdkeTx/)




[https://www.tiktok.com/@s.damiani/photo/7662126738238934303](https://www.tiktok.com/@s.damiani/photo/7662126738238934303)

25. Plaintiff owns all exclusive rights in and to the copyrighted Sheep Design used in connection with the creation, display, advertisement, promotion, and distribution of the Sheep Design Products (the "Sheep Design Copyright"). The Sheep Design Copyright was first published on October 11, 2023 in Russia, which is a "treaty party" as such term is defined in the Copyright Act (17 U.S.C. § 101).

26. Plaintiff obtained, by assignment, the valid and subsisting U.S. Copyright Registration No. VA 2-505-241 entitled "Sheep Character Artwork and Textile Surface Design," covering the two-dimensional artwork and textile surface design of the Sheep Design (the "'241 Registration"). The '241 Registration is registered with the U.S. Copyright Office with an effective registration date of February 18, 2026. True and correct copies of the registration certificate, deposit, and assignment agreement for the '241 Registration are attached hereto as **Exhibit 1**.[7]

27. The Sheep Design features a uniquely shaped stylized sheep figure shown in side profile. The sheep's body is a rounded, cloud-like form with a scalloped top edge, enclosed by a continuous black outline, that evokes Plaintiff's House Mark. The body is filled with a cream-colored textured appearance that mimics sheep's wool and is visually distinct from the underlying knit textile. A rounded, open-loop head protrudes from the upper right of the body, left unfilled so that the underlying knit shows through. Small black curled figures at the top of the head form ears or horns. Four thin black legs extend from the underside of the body. The sheep has no facial features. The design is applied to knitwear as embroidery on the surface of the knit.

28. The combination of these original and creative elements gives the Sheep Design Copyright a unique look and feel such that it (a) can be identified and imagined apart from the goods on which it appears, and (b) qualifies as a pictorial or graphic visual artwork either on its own or when fixed in some other two-dimensional tangible medium.

[7] Plaintiff's submission to record the assignment agreement for the '241 Registration with the U.S. Copyright Office was submitted on September 29, 2026, and is pending review as of the date of this filing. A true and correct copy of the filing receipt for Plaintiff's submission is attached hereto as Exhibit 1.

29. Plaintiff has the exclusive right to reproduce, distribute, publicly display, sell, and make derivative works of the Sheep Design Copyright in the United States, and the exclusive right to authorize third parties to do the same.

30. Plaintiff is the owner of all trademark rights in and to the Sheep Design (the "Sheep Design Mark"), including International Registration No. 1926282 (the "International Registration") for household linen, bed linen, textile material, pillowcases, mattress covers, bed blankets, bed covers, dish towels, towels of textile, and bedsheets in International Class 24 and footwear, clothing, and headwear in International Class 25 (collectively, "Plaintiff's Goods"). The International Registration was registered with the World Intellectual Property Organization ("WIPO") on April 14, 2026, claiming a priority filing date of February 4, 2026 based on Russian Application No. 2026709889.

31. Plaintiff is also the owner of the currently pending U.S. Trademark Application No. 79453553 (the "'553 Application") for Plaintiff's Goods, which is an extension of the International Registration pursuant to the Madrid Protocol and Lanham Act § 66(a) (15 U.S.C. § 1141f). The '553 Application was submitted for registration on the U.S. Patent and Trademark Office's (the "USPTO") Principal Register on April 14, 2026, with an effective filing date of February 4, 2026.

32. True and correct copies of the WIPO records for the International Registration and the USPTO records for the '553 Application are attached hereto as **Exhibit 2**.

33. Plaintiff has used the Sheep Design Mark in commerce throughout the United States continuously since at least as early as November 2025 in connection with clothing, including cardigans and vests

34. The Sheep Design Mark is distinctive to the consuming public and Plaintiff's trade as it is arbitrary or fanciful or, in the alternative, at least suggestive of Plaintiff's Goods.

35. As a result of its widespread, continuous, and exclusive use of the Sheep Design Mark to identify Plaintiff's Goods, and Plaintiff as their source, Plaintiff owns valid and subsisting common law rights to the Sheep Design Mark.

36. Plaintiff's exclusive rights to the Sheep Design Mark include, without limitation, the rights to use the Sheep Design Mark in commerce, or any reproductions or colorable imitations thereof, in connection with the sale, offering for sale, distribution, or advertising of Plaintiff's Goods, and the rights to grant licenses or authorization for the same.

37. Through its advertisement, promotion, and protection of the Sheep Design, Plaintiff has developed substantial goodwill and consumer recognition in its products bearing or embodying the Sheep Design Copyright and the Sheep Design Mark.

**DEFENDANT AND ITS UNLAWFUL CONDUCT**

38. Defendant is an apparel brand that appears to reside and operate in the United States. Defendant conducts business throughout the United States, including within New York and this District, through its direct-to-consumer website, https://motherdenim.com, and through various third-party retailers in the United States and globally, including, without limitation, Net-a-Porter, ModeSens, M. in Shreveport, Selfridges, and Anthropologie.

39. Since as early as January 2026, Defendant, without Plaintiff's authorization, has advertised, offered for sale, sold, and distributed the Infringing Product which bears an unauthorized reproduction of Plaintiff's Sheep Design. Defendant's Infringing Product is designed to be substantially similar, if not identical, to Plaintiff's Sheep Design in order to deceive consumers into believing that the Infringing Product is the same as the genuine Sheep Design Products, as depicted below:

| Plaintiff's Sheep Design | Defendant's Infringing Design |
|---|---|
|  |  |
|   |   |

40. On information and belief, the Infringing Product was previously advertised and sold through Defendant's direct-to-consumer website (https://motherdenim.com) and numerous third-party retailers including, without limitation, Anthropologie, Net-a-Porter, Nordstrom, Shopbop, and Coco Goose. True and correct copies of advertisements and online product listings for the Infringing Product are attached hereto as **Exhibit 3**.

41. Defendant's Infringing Design is substantially similar to the Sheep Design, reproducing every protectable element of the Sheep Design. Both designs depict a sheep figure shown in side profile, embroidered on chunky knitwear. Both sheep have rounded, cloud-like bodies with scalloped top edges, enclosed by the same continuous black outline. Both bodies are filled with a raised white or cream, wool-like texture, visually distinct from the underlying knit. Both have the same rounded, open-loop head at the upper right of the body, left unfilled so that the underlying knit shows through. Both have the same small black curled figures at the top of the head forming ears or horns. Both have four thin black legs of similar proportion and spacing extending from the underside of the body. Neither has any facial features, and both employ substantially similar overall proportions and visual impression. Defendant has copied not merely the idea of a sheep, but the specific combination of creative choices that makes up Plaintiff's Sheep Design.

42. Furthermore, both the Sheep Design and Defendant's Infringing Design are used in the exact same manner: embroidery appearing on fuzzy knitwear. In both designs, the sheep's bodies have a natural, textured appearance that emulates the real-life texture of a sheep's wool and visually differs from the underlying knit that fills the sheep's heads.

43. Defendant has not obtained any license, consent, authorization, or permission from Plaintiff to reproduce, display, distribute, advertise, offer for sale, or sell any goods bearing or embodying the Sheep Design, or any variations or derivative works thereof. Defendant is not (and has never been) an authorized retailer of Plaintiff's genuine Sheep Design Products.

44. Defendant had access to the Sheep Design before adopting and using the Infringing Design. Plaintiff's MIRSTORES-branded goods, other than the Sheep Design Products, were previously sold through the same United States retail channels as Defendant's, including

Anthropologie, such that Defendant and Defendant's customers could have been exposed to Plaintiff's brand. Furthermore, the MIRSTORES brand and the Sheep Design have been extensively publicized online and through international fashion and social media channels, including by prominent celebrities and influencers based in the United States.

45. When viewed on knitted apparel as would be viewed by an ordinary observer, any minor variations between the Sheep Design and the Infringing Design are outweighed by the substantial similarity of the protected expressive elements and overall aesthetic impression.

46. Defendant's use of the Infringing Design on competing apparel is likely to cause confusion, mistake, and deception as to the source, sponsorship, affiliation, connection, or approval of Defendant's Infringing Products.

47. Defendant's Infringing Products are closely related to and compete directly with Plaintiff's Sheep Design Products. The parties previously advertised and sold knitwear products through overlapping retail channels such as Anthropologie, and both parties currently advertise knitwear products through overlapping online channels such as Instagram. Additionally, both parties target the same or substantially similar consumers and offer their goods at similar price points in the accessible luxury market, ranging between $330.00 and $535.00.

48. Indeed, Defendant's Infringing Products have caused actual confusion, including, on information and belief, from a commenter identifying themselves as an Anthropologie employee who misidentified Plaintiff's Sheep Design Product (which has never been sold at Anthropologie) as Defendant's Infringing Product (which was sold at Anthropologie), as evidenced in the below screenshot:




https://www.pinterest.com/pin/647322146470710689/

49. On July 17, 2026, Plaintiff notified Defendant of Plaintiff's rights in and to the Sheep Design Copyright and the Sheep Design Mark, and demanded that Defendant cease manufacturing, importing, distributing, advertising, selling, and offering for sale any products that use the Sheep Design or any substantially similar iterations thereof, including but not limited to the Infringing Products (the "July 17 Letter"). Defendant refused to comply.

50. Following the July 17 Letter, Defendant continued to advertise and offer for sale the Infringing Products, despite having knowledge of Plaintiff's rights. The Infringing Product was available for purchase at least as recently as September 23, 2026. *See* Exhibit 3 at 1-3. As of the date of this filing, Defendant continues to display the Sheep Design in content published on its website (https://www.motherdenim.com) and social media profiles (@mother on Instagram and TikTok). *See id.* at 14-30. Accordingly, Defendant's conduct is knowing, intentional, and willful.

51. As a direct and proximate result of Defendant's willful actions, Plaintiff has been, and will continue to be, irreparably harmed, including through lost sales, harm to goodwill, and loss of control over the quality and reputation associated with its Sheep Design. There is no adequate remedy at law to redress this harm.

52. Defendant's unlawful acts have also damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

53. Unless enjoined, Defendant's conduct will continue to cause irreparable injury to Plaintiff for which monetary damages alone are inadequate.

## FIRST CAUSE OF ACTION
## FEDERAL COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 et seq.)

54. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

55. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in and to the Sheep Design Copyright, which has never been assigned, licensed, or otherwise transferred to Defendant.

56. The Sheep Design Copyright contains original, decorative, non-functional, ornamental elements that can be conceived as a two-dimensional work of art separate from the goods on which it is affixed.

57. The Sheep Design Copyright qualifies as a pictorial or graphic visual artwork, either on its own or fixed in some other tangible medium of expression, if imagined separately from the article of clothing on which it is affixed.

58. The Sheep Design Copyright constitutes an original work and protectable subject matter pursuant to the Copyright Act.

59. The Sheep Design Copyright was created in Russia by non-United States citizens and was first published and sold in Russia, a "treaty party" as such a term is defined in the Copyright Act (17 U.S.C. § 101). Accordingly, the Sheep Design Copyright is entitled to protection under the Copyright Act (17 U.S.C. § 104). Further, because the Sheep Design Copyright is not a "United States work," as such term is defined in the Copyright Act (17 U.S.C. § 101), Plaintiff is not required to have applied for or obtained a copyright registrations from the U.S. Copyright Office as a condition to filing or maintaining this lawsuit.

60. Plaintiff is the owner of the valid and subsisting '241 Registration with the U.S. Copyright Office, effective February 18, 2026, which covers the Sheep Design Copyright. *See* Exhibit 1.

61. Since at least January 2026 and continuing to the present, Defendant has, without authorization, unlawfully manufactured, distributed, advertised, publicly displayed, offered for sale, and/or sold the Infringing Product which incorporates strikingly similar or, in the alternative, substantially similar copies of the Sheep Design Copyright.

62. Defendant has therefore infringed Plaintiff's exclusive rights as owner of the Sheep Design Copyright, including *inter alia* its exclusive rights to reproduce, distribute, publicly display, and prepare derivative works thereof.

63. As a result of Defendant's copyright infringement, Defendant has received substantial profits and gains that it is not entitled to retain.

64. Defendant's unlawful conduct as alleged above is deliberate, intentional, knowing, malicious, and willful.

65. As a result of Defendant's unlawful and deliberate conduct as set forth above, Plaintiff has been and will continue to be damaged.

66. Defendant's actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendant from continuing its infringement of the Sheep Design Copyright, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendant from further infringement.

**SECOND CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND PASSING OFF, AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

67. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

68. Defendant's importation, distribution, promotion, marketing, offering for sale, and sale in interstate commerce of the Infringing Product, which utilize the Sheep Design Mark wholesale or something confusingly similar thereto, has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, endorsement, or approval of the Infringing Product by Plaintiff.

69. Defendant's use of the Sheep Design Mark in connection with Defendant's Infringing Product without Plaintiff's consent constitutes a false designation of origin or a false representation of fact that wrongfully and falsely designates Defendant's Infringing Product as originating from or connected with Plaintiff, in violation of 15 U.S.C. § 1125(a).

70. Defendant carried out the aforementioned infringing acts knowingly and willfully, with intent to trade upon Plaintiff's reputation and goodwill, to Plaintiff's detriment, in order to mislead, deceive, or confuse customers as to the origin of Defendant's Infringing Product.

71. As a result of Defendant's unlawful and deliberate conduct as set forth above, Plaintiff has been and will continue to be damaged.

72. Defendant's actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendant from continuing its infringement of the Sheep Design Mark, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendant from further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A declaration that Defendant has willfully infringed Plaintiff's rights under the Copyright Act and the Lanham Act;

B. Damages and/or restitution according to proof, including treble damages, punitive damages, and/or statutory damages where authorized by statute;

C. An accounting and disgorgement of Defendant's profits, gains, and advantages realized from its unlawful conduct, including a reconciliation of purchases and sales of the Infringing Products with documents relating to all such purchases and sales;

D. An order enjoining and restraining Defendant, its affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it, including any online marketplace account provider serving it, from further infringing upon Plaintiff's intellectual property rights pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 502;

E. An order requiring Defendant to deliver up for destruction all products, packaging, labels, advertising, or any other material bearing imitations, including confusingly similar

variations, of Plaintiff's Sheep Design Mark and Sheep Design Copyright pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

F. Prejudgment and post-judgment interest at the applicable rate;

G. Plaintiff's attorneys' fees, expenses, and costs of suit; and

H. Such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 19, 2026

Respectfully submitted,

/s/ *Francesca Witzburg*
Francesca Witzburg
Cassidy Moon
ESCA Legal LLC
55 Broadway, 3rd Floor
New York, New York 10006
Tel: (917) 397-1384
fw@esca.legal
cassidy@esca.legal

***Attorneys for Plaintiff Kindras Group LLC***